Name: AUSA Jeremy K. Beecher
Address: 312 N. Spring St.
City, State, Zip: Los Angeles, CA 90012
Phone: (213) 894-5429
Fax: (213) 894-0141
E-Mail: jeremy.beecher@usdoj.gov

☐ FPD   ☐ Appointed   ☐ CJA   ☐ Pro Per   ☐ Retained

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>PLAINTIFF(S),<br><br>v.<br><br>GUILLERMO ZAMBRANO,<br><br>DEFENDANT(S). | CASE NUMBER:<br><br>2:23-CR-00524-DMG<br><br>**NOTICE OF APPEAL** |

NOTICE IS HEREBY GIVEN that _____United States of America_____ hereby appeals to
                                          *Name of Appellant*
the United States Court of Appeals for the Ninth Circuit from:

**Criminal Matter**

☐ Conviction only [F.R.Cr.P. 32(j)(1)(A)]
☐ Conviction and Sentence
☐ Sentence Only (18 U.S.C. 3742)
☐ Pursuant to F.R.Cr.P. 32(j)(2)
☐ Interlocutory Appeals
☐ Sentence imposed:

~~**Civil Matter**~~

☒ Order (specify):
   Order Dismissing Indictment;
   CR No. 633; Filed on 2-5-2026
☒ Judgment (specify):
   Judgment of Discharge;
   CR No. 640; Filed on 2-12-2026
☐ Other (specify):

☐ Bail status:

Imposed or Filed on __2-5-2026; 2-12-2026__. Entered on the docket in this action on __2-5-2026; 2-17-2026__.

A copy of said judgment or order is attached hereto.

| | |
|---|---|
| 2-17-2026<br>Date | /s/ Jeremy K. Beecher<br>Signature<br>☐ Appellant/ProSe  ☒ Counsel for Appellant  ☐ Deputy Clerk |

**Note:** The Notice of Appeal shall contain the names of all parties to the judgment or order and the names and addresses of the attorneys for each party. Also, if not electronically filed in a criminal case, the Clerk shall be furnished a sufficient number of copies of the Notice of Appeal to permit prompt compliance with the service requirements of FRAP 3(d).

JS-3

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| United States of America,<br><br>　　　　　　　　　　PLAINTIFF,<br><br>　　　v.<br><br>Guillermo Zambrano,<br>85105-510<br><br>　　　　　　　　　　DEFENDANT. | CASE NUMBER<br><br>CR 23-524-DMG-5<br><br>**JUDGMENT OF DISCHARGE**<br>**(Fed. R. Crim. P. 32(k)(1))** |
|---|---|

The defendant named above is now entitled to be discharged on ALL pending counts of the Indictment/Information for the reason(s) stated below:

☐ the Court has granted the motion of the government for dismissal;

☐ the Court has granted the motion of the defendant for a judgment of acquittal;

☐ a jury has been waived, and the Court has found the defendant not guilty;

☐ the jury has returned its verdict, finding the defendant not guilty;

☒ an order of dismissal has been entered by the court;

☒ other (*specify below*):

> On February 5, 2026, the Court granted the motion to dismiss and stated "the indictment will be dismissed with prejudice, as to . . . Zambrano, unless he is released from custody within seven days under the conditions set forth in Judge Donahue's bail order. The Government shall file a status report in seven days indicating the option it has chosen to pursue. Thereafter, the Court will enter judgment accordingly, if necessary." [Doc. # 633.] The Government's status report indicates ICE has chosen to maintain Zambrano in custody. Thus, the indictment is dismissed with prejudice as to Zambrano.

IT IS THEREFORE ADJUDGED that the defendant named above is hereby discharged pursuant to Federal Rule of Criminal Procedure 32(k)(1).

☒ IT IS ORDERED that the bond of the defendant is hereby exonerated.

February 12, 2026                                          /s/ Dolly M. Gee
Date                                                       Chief United States District Judge

**NOTICE TO U.S. MARSHAL** - This Judgment of Discharge is not a substitute for the Release Form.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CRIMINAL MINUTES—GENERAL

| Case No. | CR 23-524-DMG-5 | Date | February 5, 2026 |
|---|---|---|---|

| Present: The Honorable | DOLLY M. GEE, UNITED STATES DISTRICT JUDGE | Page | 1 of 5 |
|---|---|---|---|

| Derek Davis | Not Reported | Not Present |
|---|---|---|
| *Deputy Clerk* | *Court Reporter* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant(s): | Present | Cust. | Bond | Attorneys for Defendant(s): | Present | Appt. | Ret. |
|---|---|---|---|---|---|---|---|
| Guillermo Zambrano | Not | | ✓ | John Targowski | Not | | ✓ |

**Proceedings: (IN CHAMBERS) ORDER RE DEFENDANT GUILLERMO ZAMBRANO'S MOTION TO DISMISS INDICTMENT [562]**

  Defendant Guillermo Zambrano is charged with conspiracy to aid and abet controlled substances distribution (21 U.S.C. § 846), conspiracy to engage in money laundering (18 U.S.C § 1956(h)), conspiracy to operate an unlicensed money transmitting business (18 U.S.C. § 371), and structuring transactions to avoid a reporting requirement (31 U.S.C. §§ 5313, 5324(a)(3), (d)(2)).  He moves to dismiss the indictment against him with prejudice or, in the alternative, to be released from the Department of Homeland Security's custody pending the resolution of this case.  MTD [Doc. # 562].  For the reasons set forth in this Order, the Court **GRANTS** his motion.

## I.
## BACKGROUND

  The Government alleges that Zambrano served Sinaloa Cartel associates by assisting them to conceal their drug trafficking proceeds and making the proceeds generated in the United States accessible to the Sinaloa Cartel owners in Mexico, Columbia, and elsewhere.  *See* First Superseding Indictment ¶¶ 17(b)(1)(B) [Doc. # 217].  Zambrano was allegedly observed acting as a courier with regard to bags that contained an unknown amount of U.S. currency on two occasions and structuring deposits into his bank account on another occasion.  The deposits totaled $19,900 in drug trafficking proceeds.  *Id.* ¶ 17(c)(5), (7), (12).

  Zambrano made his initial appearance in this action on November 2, 2023.  [Doc. # 81.]  On November 7, 2023, the Honorable Patricia Donahue, U.S. Magistrate Judge, ordered his release on a $60,000 appearance bond.  [Doc. # 113.]  According to Zambrano's counsel, he is a citizen of Venezuela who, as of November 2, 2023, was in the midst of political asylum proceedings in the United States.  MTD at 3.  During the 17 months he was released, Zambrano and his counsel met approximately once or twice a month, with the assistance of a Spanish interpreter, to discuss his pending criminal case.  Decl. of John Targowski ¶ 3 [Doc. # 631].

  On June 24, 2025, the Department of Homeland Security ("DHS") notified Pretrial Services that Zambrano had been taken into custody for removal proceedings.  [Doc. # 470 (sealed).]  According to the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES—GENERAL**

| Case No. | CR 23-524-DMG-5 | Date | February 5, 2026 |
|---|---|---|---|

| Present: The Honorable | DOLLY M. GEE, UNITED STATES DISTRICT JUDGE | Page | 2 of 5 |
|---|---|---|---|

Government's opposition to the MTD, it was this same day that the prosecution team learned—from defense counsel—that DHS had taken Zambrano into custody. Opp. to MTD at 4 [Doc. # 616].[1]

According to Zambrano's counsel, Zambrano received an immigration bond hearing on July 11 and July 25, 2025, but the immigration judge denied his request for release on bond and ordered him detained pending removal proceedings. MTD at 3; Targowski Decl. ¶ 4. Zambrano is detained at the Adelanto ICE Processing Center in Adelanto, California pending removal proceedings, with an immigration hearing scheduled for February 23, 2026. MTD at 3. Since his detention, his attorney has visited Zambrano only three times (due to the circumstances, two of those times were for appearances in immigration court even though his attorney is not an immigration lawyer). Targowski Decl. ¶ 4. Only one time did Zambrano's attorney visit with him to discuss this matter. *Id.* In addition, his counsel has had approximately three telephone calls with Zambrano, regarding the merits of releasing him on immigration bond. *Id.*

Zambrano speaks but is not fluent in English. Zambrano's attorney explains that his client's detention burdens the representation because the process of bringing an interpreter into Adelanto is difficult, so that their meetings have been unaided by an interpreter. *Id.* ¶¶ 5–6. In addition, although Zambrano's attorney has not yet attempted to review discovery in this case with Zambrano, Adelanto staff prevented Zambrano's attorney from showing a different client discovery on the attorney's laptop on a separate occasion. *Id.* ¶ 7. Zambrano's attorney "can only assume this interruption would occur" when he and Zambrano attempt to review discovery, which counsel expects to be voluminous in this case. *Id.*

Trial in this action is scheduled for June 2, 2026. [Doc. # 542.] The MTD hearing was originally scheduled for January 28, 2026. [*See* Doc. # 629.] The Government was unable, however, to arrange for Zambrano's transportation from Adelanto to the hearing. This resulted in a continuance of the hearing date to February 5, 2026 to allow Zambrano to attend the hearing. *Id.*

**II.
DISCUSSION**

In *United States v. Santos-Flores*, 794 F.3d 1088, 1091 (9th Cir. 2015), the Ninth Circuit Court of Appeals stated that having elected to criminally prosecute a noncitizen who has been released on bail, "the government may not use its discretionary power of removal to trump a defendant's right to an individualized determination under the Bail Reform Act ['BRA']." *See also United States v. Rangel*, 318 F. Supp. 3d 1212, 1217 (E.D. Wash. 2018) ("[P]retrial detention violates [the defendant's] rights under the BRA, which requires the executive to elect removal in lieu of criminal prosecution or defer removal until after trial and sentencing are complete."); *United States v. Trujillo-Alvarez*, 900 F. Supp. 2d 1167, 1176 (D. Or. 2012) ("ICE does not . . . have the authority to detain [the defendant] for the purpose of

---

[1] Citations to the record are to the CM/ECF pagination.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES—GENERAL**

| Case No. | CR 23-524-DMG-5 | Date | February 5, 2026 |
|---|---|---|---|

| Present: The Honorable | DOLLY M. GEE, UNITED STATES DISTRICT JUDGE | Page | 3 of 5 |
|---|---|---|---|

avoiding the pretrial release provisions of the BRA.") (*cited with approval in id.*). And "[i]f the government, by placing [a non-citizen] in immigration detention or removing him, jeopardizes the district court's ability to try him, then the district court may craft an appropriate remedy."[2] *Santos-Flores*, 794 F.3d at 1092.

Thus, *Santos-Flores* endorses this Court's exercise of its inherent authority, in a situation in which the Government has chosen to engage in both removal proceedings and criminal proceedings against a noncitizen defendant, to craft an "appropriate remedy," such as dismissing the indictment. This Court joins other District Courts that have concluded that the Executive Branch must choose between taking a noncitizen into custody for the purpose of removing and deporting that individual or temporarily declining to do so while criminal proceedings are maintained against that person.[3] *E.g.*, *Rangel*, 318 F. Supp. 3d at 1217 ("If a defendant is entitled to pretrial release under the BRA, that defendant may not be detained in immigration custody while the criminal case is pending."); *see also Trujillo-Alvarez*, 900 F. Supp. 2d at 1179; *United States v. Parias*, No. CR 25-00904-FMO, 2025 WL 3749406 (C.D. Cal. Dec. 27, 2025). The Court rejects the Government's reliance on out-of-circuit case law that stands for the general proposition that the BRA and Immigration and Naturalization Act ("INA") both grant the Government authority to detain noncitizens. *See* Opp. at 6–8. These out-of-circuit cases do not circumvent the Ninth Circuit's binding language that this Court has the authority to craft appropriate remedies for constitutional and statutory violations caused by the administrative detention of a criminal defendant ordered to be released under the BRA, even if the INA grants permission to detain noncitizens under certain circumstances.

A court may exercise its inherent supervisory powers to dismiss an indictment "to remedy a constitutional or statutory violation; to protect judicial integrity by ensuring that a conviction rests on appropriate considerations validly before a jury; or to deter future illegal conduct." *United States v. Barrera-Moreno*, 951 F.2d 1089, 1091 (9th Cir. 1991). "Dismissal is appropriate when the investigatory or prosecutorial process has violated a federal constitutional or statutory right and no lesser remedial action is available." *Barrera–Moreno*, 951 F.2d at 1092. In addition, there must be substantial prejudice to the defendant. *United States v. Chapman*, 524 F.3d 1073, 1087 (9th Cir. 2008); *see also United States v. Struckman*, 611 F.3d 560, 574–75 (9th Cir. 2010) (even if governmental conduct falls short of a due

---

[2] The court made these statements in the context of its holding that it is error for a trial court to rely on the existence of an ICE detainer and the probability of immigration detention and removal to find that no condition or combination of conditions will reasonably assure a noncitizen-defendant's appearance pursuant to the Bail Reform Act. *Santos-Flores*, 794 F.3d at 1092.

[3] These courts have noted that 18 U.S.C. § 3142(d) provides a statutory mechanism for ICE to elect to take a defendant into immigration custody to pursue immigration proceedings within a ten-day initial detention period of when a judicial officer makes a finding that the defendant poses a risk of flight or dangerousness. *See, e.g.*, *Rangel*, 318 F. Supp. 3d at 1218. "The language in § 3142(d) . . . makes clear that when a defendant is treated 'in accordance with the provisions of' the BRA, 'other provisions of law governing release pending trial or deportation or exclusion proceedings' do not apply." *Id.* (quoting 18 U.S.C. § 3142(d)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES—GENERAL**

| Case No. | CR 23-524-DMG-5 | | Date | February 5, 2026 |
|---|---|---|---|---|
| Present: The Honorable | DOLLY M. GEE, UNITED STATES DISTRICT JUDGE | | Page | 4 of 5 |

process violation, it may justify dismissal with prejudice under the court's supervisory powers). In this instance, there is an ongoing violation of Zambrano's right to pretrial release under the BRA every day that passes while he is in detention.[4] Moreover, Zambrano has already been prejudiced in his ability to freely consult with his attorney regarding his defense, his ability to timely attend court hearings, and his ability to have an interpreter present when he discusses his case with his attorney. In addition, his attorney raises a non-speculative concern that he will be unable to meaningfully review discovery with Zambrano in preparation for trial.

Dismissal of the indictment with prejudice is "the most severe sanction" and "encroaches on the prosecutor's charging authority." *See Chapman*, 524 F.3d at 1085. Nevertheless, courts faced with similar arguments have found that the circumstances can warrant this remedy. District courts have dismissed indictments with prejudice where the circumstances include apparent collusion between ICE and the prosecution (such as, for instance, where there was a coordinated rush to put the defendant into DHS custody and removal proceedings after release), denial of access to counsel, and/or removal of the defendant from the country during criminal proceedings. *See, e.g.*, *Parias*, No. CR 25-00904-FMO, 2025 WL 3749406, at *15 (dismissing indictment with prejudice where defendant was taken into ICE custody immediately upon release by the court, effectively denying access to counsel for nearly the entire month preceding trial, and where it was clear the defendant was being held by immigration authorities for the purpose of securing his presence in his ongoing criminal prosecution); *United States v. Lutz*, No. CR1900692001TUCRMBGM, 2019 WL 5892827, at *1 (D. Ariz. Nov. 12, 2019) (dismissing indictment with prejudice where defendant was removed from the country and counsel was unable to make contact with him following his removal); *United States v. Garcia*, No. 18-CR-20256, 2018 WL 3141950, (E.D. Mich. June 27, 2018) (finding that the BRA controlled and ordering release of the defendant "regardless of the Government's motivation for pretrial detention" or it would dismiss the indictment with prejudice), *abrogated by United States v. Veloz-Alonso*, 910 F.3d 266 (6th Cir. 2018)); *United States v. Boutin*, 269 F. Supp. 3d 24, 27 (E.D.N.Y. 2017) (giving the Government the choice between releasing the defendant from immigration custody or having the indictment dismissed with prejudice where it was clear to the Court the Government was "well aware that the defendant would be taken into ICE custody once he met the bail conditions" and the Court was "powerless to affect any immigration proceedings."). They have also noted that dismissal without prejudice would essentially allow the Government to have it both ways and would frustrate the purpose of the dismissal "to force the Government to make a choice." *See Boutin*, 269 F. Supp. 3d at 29; *see also Trujillo-Alvarez*, 900 F. Supp. 2d at 1180 (ruling the Court would dismiss the pending charges with prejudice if defendant were not released because trial was scheduled the next month, defendant was being detained out of the district, and there was no apparent lesser remedial remedy that would cure the issues presented).

---

[4] Nor is it unheard of for a defendant to be deported in the midst of his ongoing criminal proceedings. The Court takes judicial notice that this happened in *United States v. Jeson Presilla Flores*, ED CR 25-198-KK-6, following Presilla Flores' August 2025 release from custody.

| CR-11 | **CRIMINAL MINUTES - GENERAL** | Initials of Deputy Clerk DD |
|---|---|---|

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES—GENERAL**

| Case No. | CR 23-524-DMG-5 | Date | February 5, 2026 |
|---|---|---|---|

| Present: The Honorable | DOLLY M. GEE, UNITED STATES DISTRICT JUDGE | Page | 5 of 5 |
|---|---|---|---|

The Ninth Circuit issued *Santos-Flores* more than a decade ago. In light of that opinion and the many intervening rulings applying it in this circuit, there is no excuse for the Government's actions in this case. Any remedy short of enforcing *Santos-Flores* and Judge Donahue's bail order would enable the Government to flaunt its obligation to abide by controlling legal authority and court orders.

### III.
### CONCLUSION

The motion to dismiss is **GRANTED**, and the indictment will be dismissed with prejudice, as to Defendant Guillermo Zambrano, unless he is released from custody within seven days under the conditions set forth in Judge Donahue's bail order. The Government shall file a status report in seven days indicating the option it has chosen to pursue. Thereafter, the Court will enter judgment accordingly, if necessary.

**IT IS SO ORDERED.**